UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE WATSON,

       Plaintiff,

                              CASE NUMBER: 11-15461
v.                            HONORABLE VICTORIA A. ROBERTS

CIENA HEALTHCARE MANAGEMENT,
INC., and BOULEVARD TEMPLE CARE
CENTER LLC,

       Defendants.
_____/

**ORDER MODIFYING IN PART AND ADOPTING REPORT AND
RECOMMENDATION (Doc. 35) GRANTING IN PART AND DENYING
IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 28)**

**I.    INTRODUCTION**

This matter is before the Court on Defendants' motion for summary judgment. The Court referred this matter to Magistrate Judge R. Steven Whalen. On August 16, 2013, the Magistrate Judge filed a Report and Recommendation ("R&R").

In the R&R, Magistrate Whalen recommends that Defendants' motion be granted in part and denied in part. Specifically, he recommends the Court:

(1) grant Defendants' summary judgment motion as to Watson's retaliation claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2614, *et seq.*; and

(2) deny summary judgement on Watson's (a) FMLA interference claim, (b) claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and (3) claims under the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), M.C.L. § 37.1101 *et seq.*

Defendants timely objected to the R&R; Watson responded to Defendants' objections, but did not file any of her own objections. Defendants' objections are fully briefed.

In their objections, Defendants argue the Magistrate Judge should have dismissed all of Watson's claims. Defendants contend no genuine issue of material fact exists as to whether they (1) violated the ADA by firing Watson, or (2) violated the FMLA. Defendants also object to the R&R for not addressing Watson's failure to accommodate claim.

The Court **MODIFIES** the R&R **IN PART** to address the failure to accommodate claim; in all other respects, the Court **ADOPTS** the R&R. Defendant's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**. The Court:

**(1) GRANTS** Defendants' summary judgment motion as to Watson's retaliation claim under the FMLA;

**(2) GRANTS** Defendants' summary judgment motion as to Watson's failure to accommodate claim under the ADA; and

**(3) DENIES** summary judgment as to Watson's (a) FMLA interference claim, (b) remaining claims under the ADA, and (c) claims under the PWDCRA.

Accordingly, Watson's retaliation claim under the FMLA and failure to accommodate claim under the ADA are **DISMISSED**; Watson's other claims survive summary judgment.

## II. DISCUSSION

The Court reviews *de novo* a Magistrate Judge's Report and Recommendation on a dispositive motion that is objected to properly. 28 U.S.C. § 636(b)(1). On review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

After careful review of the entire record, the Court finds one deficiency with the R&R: the absence of discussion regarding Watson's failure to accommodate claim. Since Defendants briefed the failure to accommodate claim in their summary judgment motion, the Magistrate Judge should have addressed it in the R&R.  In all other respects, the Court agrees with Magistrate Judge Whalen's findings and conclusions.

**A.    Modification**

In their motion for summary judgment, Defendants argue there is no genuine issue of material fact as to Watson's failure to accommodate claim.

To establish a prima facie case for failure to accommodate, a plaintiff must establish, among other things, that she requested an accommodation.  *See Johnson v. Cleveland City School Dist.*, 443 F. App'x 974, 982-83 (6th Cir. 2011).  Defendants accurately cite to Watson's deposition testimony to establish she never requested an accommodation from Defendants.  Because Watson admits she never requested an accommodation, her failure to accommodate claim fails as a matter of law.  Moreover, Watson failed to address the failure to accommodate claim in her response to Defendants summary judgment motion, which deems it waived.  *See Gresham v. Haggard*, 2012 WL 4340825, at *3 (E.D. Mich. 2012).

Notably, dismissal of Watson's failure to accommodate claim under the ADA does not affect her other ADA claims, which she addressed fully in her brief.

**B.    Adoption**

The Court agrees with the R&R in all other respects.  Magistrate Whalen thoroughly lays out the relevant facts and procedural history of the case.  He applies the correct legal standard, discusses relevant case law, and gives reasoned explanation for

his conclusions. The Court agrees with Magistrate Whalen's conclusion that genuine issues of material fact exist for the FMLA interference claim, the PWDCRA claims, and the remaining ADA claims. Accordingly, these claims survive summary judgment.

## IV.   CONCLUSION

The Court **MODIFIES IN PART** and **ADOPTS** Magistrate Judge Whalen's Report and Recommendation, as explained in detail above.

Defendants' motion for summary judgment is **GRANTED** as to Watson's: (1) retaliation claim under the FMLA, and (2) failure to accommodate claim under the ADA; those claims are **DISMISSED**.

Defendants' motion for summary judgment is **DENIED** as to Watson's: (1) remaining claims under the ADA, (2) claims under the PWDCRA, and (3) interference claim under the FMLA

                                S/Victoria A. Roberts
                                Victoria A. Roberts
                                United States District Judge

Dated:  September 27, 2013